IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Nairobi 1932, Inc.<br>　　　Plaintiff,<br><br>v.<br><br>Radian Group, Inc.<br>　　　Defendant. | Filing No.: _____ |

## **Permanent Injunctive Relief Requested**

Nairobi 1932, Inc. (hereinafter "Plaintiff" or "Nairobi 1932") believes that it will be damaged by the registration of U.S. Trademark App. Ser. Nos. 90/530815 and 90/530819 for the mark TITLEGENIUS and hereby files this Request for Injunctive Relief seeking: 1) A permanent injunction barring Defendant Radian Group, Inc. (hereinafter "Defendant" or "Defendant's" ) from improperly using, or registering, the mark TITLEGENIUS for use in commerce in the United States; 2) Monetary damages; and, 3) Attorney's fees.

## **Prior Litigation**

Plaintiff filed Opposition No. 91274066 in the Trademark Trial and Appeal Board (TTAB) of the United States Patent and Trademark Office (USPTO) demanding cancellation of the registration of the two trademark applications (App. Nos. 90/530815 and 90/530819). This action was Dismissed with Prejudice by the

TTAB.

Plaintiff notes that an unsuccessful proceeding in the TTAB does not preclude a plaintiff from bringing related claims in district court because the TTAB has jurisdiction only to determine the right to register a trademark and does not have any authority to consider questions of actual infringement of a trademark, unfair competition, false advertising, injunctive relief, or damages.[1] The TTAB does not determine whether a party can use a mark.[2] The TTAB can only determine the parties' rights with respect to federal registration of a trademark.[3] Because of this "limited jurisdiction" parties cannot obtain injunctive relief or monetary damages in the TTAB, because the TTAB does not have the jurisdiction to award any remedy beyond cancellation (or refusal) of a registration.[4] Therefore, a broader cause of action for deceptive uses in commerce cannot be brought in a TTAB opposition or cancellation proceeding.[5] Accordingly, Plaintiff cannot be barred from bringing the instant action.

Plaintiff observes that the first use in commerce of a mark establishes priority over other users of the mark.[6] The party who first uses a distinctive mark in con-

---

[1] *David Beasley v. William H. Howard*, App. No. 20-1119 (3rd Cir. 2021) [precedential].
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Hana*, 574 U.S. at 419.

nection with particular goods or services has priority over other users.[7]

## Jurisdiction and Venue

Plaintiff is a resident of the Middle District of Florida and does business in the district and the surrounding districts and states.

Defendant is a resident of the Middle District of Pennsylvania but does substantial business in the Middle District of Florida.[8]

Also, Defendant announced on June 10, 2021 that "Radian Debuts Innovative Title Insurance and Closing Services Offering, titlegenius by Radian" specifically in Florida."[9]

Also, Defendant specifically maintains a number of employees in the Middle District of Florida.[10]

Also, Defendant sells title insurance in Florida.[11]

Also, Defendant is registered by the State of Florida as a "Non-Resident Ti-

---

[7] *Id.*
[8] *See* Exhibit 5. Exhibit 5 is drawn from the Defendant's website, specifically: https://orders.mytitlegenius.com/. The domain mytitlegenius.com is owned by Radian Group, Inc. Retrieved July 31, 2023.
[9] *See* Exhibit 6. Exhibit 6 is drawn from BusinessWire, specifically: https://www.businesswire.com/news/home/20210610005923/en/Radian-Debuts-Innovative-Title-Insurance-and-Closing-Services-Offering-titlegenius-by-Radian). Release date: June 10, 2021. Retrieved July 31, 2023.
[10] *See* Exhibit 7. Exhibit 7 is drawn from a Google search, specifically: A query for "Radian Group Florida Positions." Retrieved July 31, 2023.
[11] Radian Group, Inc offers title insurance in Florida under Florida License No. 51362.

tle Agency."[12]

Accordingly, the Defendant is a *de jure* resident of the Middle District of Florida and the Distract has jurisdiction over the Defendant. Therefore, venue is proper in the Middle District of Florida.

## Grounds for Case

As grounds for the Injunctive Relief request, Plaintiff alleges that registration of Defendant's mark TITLEGENIUS as more fully disclosed in U.S. Trademark App. Ser. Nos. 90/530815 and 90/530819 (hereinafter the "Junior Mark") would cause confusion with Plaintiff's mark TITLEGENIUS (hereinafter "Plaintiff's Mark") which maintains priority of use over the Junior Mark by virtue of its prior and continuous use by Plaintiff in commerce in the United States.

## Statement of Facts

1. Plaintiff Nairobi 1932, Inc., and/or its predecessors in interest, is the owner of the mark "TITLEGENIUS", U.S. Trademark App. Ser. No. 90/847812 and related marks in connection with "Educational services provided through a website regarding title insurance and fees for title insurance" and "Non-downloadable software as a service which provides a communications portal that allows consumers, real estate agents, lenders and brokers to obtain title rate quotes,

---

[12] Radian Group, Inc. is registered in Florida as a Non-Resident Title Agency. Florida License No. A271379.

order title insurance, obtain closing and settlement services for purchase and refinance transactions, upload documents and make payments." in International Classes 41 and 42, respectively.[13]

2.  Plaintiff Nairobi 1932, Inc. is a Florida corporation, doing business at 6735 Conroy Windemere Road, Suite 313, Orlando, Florida 32835.

3.  Plaintiff Nairobi 1932, Inc. was organized under the laws of the state of Florida on August 5, 2021 and has remained in good standing continuously since.[14]

4.  Plaintiff Nairobi 1932, Inc. (or its predecessor in interest) sells "Educational services provided through a website regarding title insurance and fees for title insurance" and "Non-downloadable software as a service which provides a communications portal that allows consumers, real estate agents, lenders and brokers to obtain title rate quotes, order title insurance, obtain closing and settlement services for purchase and refinance transactions, upload documents and make payments" in International Classes 41 and 42, respectively, worldwide through its online storefront at www.titlegenius.com. The storefront is available to customers throughout the United States.

5.  Plaintiff Nairobi 1932, Inc. (or its predecessor in interest) acquired the

---

[13] U.S. Patent and Trademark Off. Trademark App. Ser. No. 90/847812.
[14] *See* Exhibit 1.

domain name "titlegenius.com" on January 27, 2020.[15]

6. Plaintiff Nairobi 1932, Inc. (or its predecessor in interest) began using "TITLEGENIUS" online no later than February 13, 2020.

7. Plaintiff Nairobi 1932, Inc. (or its predecessor in interest) has used the mark "TITLEGENIUS" continuously and openly in commerce in connection with its services online since at least February 13, 2020.

8. On September 16, 2020, Plaintiff Nairobi 1932, Inc. (or its predecessor in interest) sponsored a live seminar in Naples, Florida. Flyers displaying the date of the seminar were created and publicly distributed in conjunction with the event.[16]

9. On October 7, 2020, Plaintiff Nairobi 1932, Inc. (or its predecessor in interest) sponsored a party for <u>Real Producers Magazine</u> in Naples, Florida. Two different flyers displaying the date of the party were created and publicly distributed in conjunction with the event.[17]

10. Plaintiff Nairobi 1932, Inc. (or its predecessor in interest) has invested significant sums of money in the promotion of Plaintiff's Mark and services in the United States.

11. As a result, Plaintiff Nairobi 1932, Inc. (or its predecessor in interest)

---

[15] *See* Exhibit 2.
[16] *See* Exhibit 3.
[17] *See* Exhibit 4.

has developed a valuable reputation in the real-estate and, specifically, the title insurance market and significant goodwill in Plaintiff's Mark. Plaintiff has achieved a following among relevant members of the consuming public prior to both the filing and priority date of the Junior Mark.

12. Through undersigned counsel Plaintiff Nairobi 1932, Inc. (or its predecessor in interest) filed U.S. Trademark App. Ser. No. 90/847812 for registration of the mark "TITLEGENIUS" on the Principle Register in connection with "Educational services provided through a website regarding title insurance and fees for title insurance" and "Non-downloadable software as a service which provides a communications portal that allows consumers, real estate agents, lenders and brokers to obtain title rate quotes, order title insurance, obtain closing and settlement services for purchase and refinance transactions, upload documents and make payments" in International Classes 41 and 42, respectively on July 26, 2021.

13. On information and belief, Defendant is a Delaware corporation, doing business at Crosspoint at Valley Forge, 550 East Swedesford Road, Suite 350, Wayne, Pennsylvania 19087.

14. On information and belief Defendant was organized on December 6, 1991.

15. Defendant filed the Applications for the Junior Marks, identified more fully in U.S. Trademark App. Ser. Nos. 90/530815 and 90/530819, with the

USPTO on February 16, 2021.[18]

16. Defendant claims the Junior Mark in connection with "Educational services provided through a website, namely, providing online articles and other written information, namely, online fact sheets, and non-downloadable webinars and informational videos, all in the field of title insurance and fees for title insurance" and "Software as a service services featuring software which provides a communications portal that allows consumers, real estate agents, lenders and brokers to obtain title rate quotes, order title insurance, obtain closing and settlement services for purchase and refinance transactions, upload documents and make payments" in International Classes 41 and 42.[19]

17. Defendant claims a date of first use of the Junior Marks of May 26, 2021.[20]

18. Defendant claims a date of first use of the Junior Marks in commerce of May 26, 2021.[21]

19. On January 11, 2022 the USPTO published Defendant's Junior Marks.[22]

## Count I

---

[18] U.S. Patent and Trademark Off. Trademark App. Ser. Nos. 90/530815 and 90/530819.
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.*

## Trademark Infringement

20. Plaintiff hereby incorporates paragraphs 1 through 19, *supra*, in their entirety.

21. Plaintiff's rights in "TITLEGENIUS" in connection with "Educational services provided through a website regarding title insurance and fees for title insurance" and "Non-downloadable software as a service which provides a communications portal that allows consumers, real estate agents, lenders and brokers to obtain title rate quotes, order title insurance, obtain closing and settlement services for purchase and refinance transactions, upload documents and make payments" in International Classes 41 and 42, respectively, have priority of use over Defendant's rights, if any, in the Junior Mark inasmuch as Plaintiff commenced using "TITLEGENIUS" prior to Defendant's: 1) Filing date; and, 2) Priority of use date of the Junior Mark, respectively:

　　a. Plaintiff's first use of "TITLEGENIUS" in commerce on February 13, 2020 predates Defendant's filing date of its application for registration of the Junior Mark by over a year (February 13, 2020 versus February 16, 2021).

　　b. Plaintiff's first use of "TITLEGENIUS" in commerce on February 13, 2020 predates Defendant's first use of the Junior Mark by over sixteen months (February 13, 2020 versus May 26, 2021).

22. Plaintiff used "TITLEGENIUS" on a publicly distributed flyer facially bearing a date of September 16, 2020.[23] This commercial, public use is prior to Defendant's: 1) Filing date; and, 2) Priority of use date of the Junior Mark, respectively:

   a. Plaintiff's use of "TITLEGENIUS" on a publicly distributed flyer on September 16, 2020 predates Defendant's filing date of its application for registration of the Junior Mark by five months (September 16, 2020 versus February 16, 2021).

   b. Plaintiff's use of "TITLEGENIUS" on a publicly distributed flyer on September 16, 2020 predates Defendant's first use of the Junior Mark by over eight months (September 16, 2020 versus May 26, 2021).

23. Plaintiff used "TITLEGENIUS" on *two* different publicly distributed flyers both facially bearing a date of October 7, 2020.[24] This commercial, public use is prior to Defendant's: 1) Filing date; and, 2) Priority of use date of the Junior Mark, respectively:

   a. Plaintiff's use of "TITLEGENIUS" on two different publicly distributed flyers on October 7, 2020 predates Defendant's filing date of its application for registration of the Junior Mark by over four months (October 7, 2020 versus February 16, 2021).

---

[23] *See* Exhibit 3.
[24] *See* Exhibit 4.

    b. Plaintiff's use of "TITLEGENIUS" on two different publicly distributed flyers on October 7, 2020 predates Defendant's first use of the Junior Mark by over seven months (October 7, 2020 versus May 26, 2021).

24. Plaintiff believes that its "TITLEGENIUS" mark and Defendant's Junior Mark are identical in terms of: 1) The mark; 2) The types of business conducted by Plaintiff in both International Classes 41 and 42; and, 3) The description of goods and services in both International Classes 41 and 42.

25. Plaintiff believes that consumers confronted with the Junior Mark have been confused and deceived into the mistaken belief that Defendant's goods and services have their origin with, or are in some way offered in connection with, Plaintiff.

26. Accordingly, Defendant's use of the Junior Mark would be inconsistent with Plaintiff Nairobi 1932, Inc.'s superior rights in its "TITLEGENIUS" mark and would give the color of exclusive right in Defendant's Junior Mark to Defendant in derogation of the prior and superior rights of Plaintiff.

## Count II
## Unfair Competition

27. Plaintiff hereby incorporates paragraphs 1 through 26, *supra*, in their entirety.

28. In addition to having identical trademarks in identical classes of goods and services, Plaintiff and Defendant are both in the real estate industry, operating and performing the same kind of businesses regarding title insurance and real estate closing services.

29. Defendant's Junior Mark is identical in terms of: 1) The mark; 2) The types of business conducted by Plaintiff in both International Classes 41 and 42; and, 3) The description of goods and services in both International Classes 41 and 42.

30. Consumers confronted with the Junior Mark have been unfairly confused and deceived into the mistaken belief that Defendant's goods and services have their origin with, or are in some way offered in connection with, Plaintiff.

## Count III
## False Advertising

31. Plaintiff hereby incorporates paragraphs 1 through 30, *supra*, in their entirety.

32. In addition to having identical trademarks offering identical classes of goods and services, Defendant has advertised that it operates in the real estate industry marketing and selling title insurance and title closing services using Plain-

tiff's trademark at https://orders.mytitlegenius.com.[25] Plaintiff operates in the real estate industry marketing and selling title insurance and title closing services.

33. Defendant's Junior Mark is identical in terms of: 1) The mark; 2) The types of business conducted by Plaintiff in both International Classes 41 and 42; and, 3) The description of goods and services in International Classes 41 and 42.

34. Defendant has demonstrated deliberate ignorance of the truth or falsity of the information (i.e. the known use of Plaintiff's senior trademark) and has shown a reckless disregard of the truth or falsity of the information presented in its advertisements.

WHEREFORE, Nairobi 1932, Inc. prays that this action be sustained and that: 1) A permanent injunction be granted barring Defendant Radian Group, Inc. from: a) Improperly using the mark TITLEGENIUS in the United States; and, b) Registering the mark TITLEGENIUS as a trademark at the U.S. Patent and Trademark Office for use in commerce in the United States; and, 2) The court award monetary damages, including the costs of litigation, to the Plaintiff.

=== Signature Follows ===

---

[25] *See* Exhibit 5.

        Respectfully submitted,

        William R. Lovin, Esq.
        **WILLIAM LOVIN & ASSOC., PLLC**

Dated: August 3, 2023

        William R. Lovin
        wlovin@williamlovin.com
        U.S. Pat. Off. Reg. No. 67632
        2591 Dallas Parkway, Suite 300
        Frisco, Texas 75034
        Telephone:    469-252-7007
        Facsimile:     469-252-7008

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of August a copy of the forgoing Request for Injunctive Relief was mailed first class, postage prepaid to:

> W. Drew Kastner
> Schnader, Harrison, Segal, and Lewis LLP
> 1600 Market Street, Suite 3600
> Philadelphia, Pennsylvania 19103


> Defendant's Attorney of Record

By: _____
William R. Lovin
wlovin@williamlovin.com
U.S. Pat. Off. Reg. No. 67632
2591 Dallas Parkway, Suite 300
Frisco, Texas 75034
Telephone:        469-252-7007
Facsimile:         469-252-7008